David D. Barnhorn, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588
Email: dbarnhorn@romerolawny.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
DARWIN ROMERO SANTOS, on behalf of
himself, individually, and all other persons
similarly situated,                                                   Docket No.:

                   Plaintiff,

                                       **COMPLAINT**

       -against-

SB CAPITAL GROUP II LLC,                                   *Jury Trial Demanded*

                   Defendant.
-----------------------------------------------------------------------X

      Plaintiff, DARWIN ROMERO SANTOS ("Plaintiff" or "Romero"), on behalf of himself, individually, and on behalf of all others similarly-situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, as and for his Complaint against SB CAPITAL GROUP II LLC ("Defendant" or "Capital Group"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*; (iii) the full payment provision of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.2; (iv) the

overtime provisions of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff brings this lawsuit against the Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.  Plaintiff brings his claims under the NJWHL, NJWPL and PMWA on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action who worked in New Jersey and/or Pennsylvania, respectively.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey and Pennsylvania state law.

4.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

5.      At all relevant times herein, Plaintiff Romero worked for Defendant in New Jersey, Pennsylvania, Delaware, and Texas, and was an "employee" entitled to protection as defined by the FLSA, NJWHL, NJWPL, and PMWA.

6.      At all relevant times herein, Defendant Capital Group was and is a limited liability corporation with its principal place of business located at 4300 East 5th Avenue, Columbus, Ohio 43219.

7.     At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA, NJWHL, NJWPL and PMWA.

8.     At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce as it regularly provides services in multiple states and had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to tools for demolition, fuel for vehicles, and other tools, equipment and materials.

## BACKGROUND FACTS

9.     Defendant employed Plaintiff as a manual laborer from on or about August 14, 2018 through December 20, 2018 and from on or about October 27, 2019 until on or about December 21, 2019.

10.    While employed as a manual laborer, Plaintiff's duties primarily consisted of performing demolition services at various sites around the United States.

11.    Defendant assigned Plaintiff to work with a team of other manual laborers to perform their services.

12.    Plaintiff, along with other team members, was assigned to work at sites in New Jersey, Pennsylvania, Delaware and Texas.  Plaintiff's job duties remained the same regardless of which work site he was assigned to appear at for work.

13.    Throughout his employment, Plaintiff regularly worked seven days per week from approximately 7:00 a.m. until 4:45 p.m.  Accordingly, Defendant required Plaintiff to work, Plaintiff did regularly work, more than forty hours during most workweeks.

14.    Throughout his employment, Defendant paid Plaintiff an hourly rate of pay for all hours that he worked, regardless of the number of hours worked.

15.     Thus, throughout his employment, Defendant did not pay Plaintiff at the overtime rate of pay of one and one-half times his regular rate of pay for any hours that he worked in excess of forty per week, and instead paid him at his straight-time rate for those hours.

16.     Plaintiff and other manual laborers repeatedly complained to Defendant regarding their failure to pay proper overtime compensation.  However, Defendant did not correct its practices regarding the payment of overtime compensation,

17.     Defendant treated and paid Plaintiff and the collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

18.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

19.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as his own interest in bringing this action.

20.     Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendant as a manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the

filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

21.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendant.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## (UNPAID OVERTIME UNDER THE FLSA)

22.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

24.    As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

25.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

26.    Defendant willfully violated the FLSA.

27.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

28.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and their costs and disbursements in this action for Defendant's violations of the FLSA.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## (UNPAID OVERTIME UNDER THE NJWHL)

29.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

31.     As described above, Defendant is an employer within the meaning of the NJWHL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are employees within the meaning of the NJWHL.

32.     As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, worked in excess of forty hours each week, yet the Defendant failed to compensate them in accordance with the NJWHL's overtime provisions.

33.     Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

34.     Defendant willfully violated the NJWHL.

35.     Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are also entitled to liquidated damages, interest as permitted by law,

attorneys' fees, and their costs and disbursements in this action for Defendant's violations of the NJWHL.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### (FAILURE TO PAY FULL AMOUNT OF WAGES UNDER THE NJWPL)

36.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     NJWPL § 34:11-4.2 requires employers to "pay the full amount of wages due to [the] employees at least twice during each calendar month, on regular pay days designated in advance by the employer[.]"

38.     As described above, Defendant is an employer within the meaning of the NJWPL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are employees within the meaning of the NJWPL.

39.     As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, worked in excess of forty hours each week, yet the Defendant paid Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, straight-time wages for all hours worked; by neglecting to pay the overtime premium for all hours worked beyond forty per week, Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, have not been paid the full amount of wages due to them.

40.     The Defendant's actions were in willful violation of the NJWPL.

41.     Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

42.    Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New Jersey, are also entitled to liquidated damages, interest as permitted by law, and attorneys' fees for Defendant's violations of the NJWPL.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
## (UNPAID OVERTIME UNDER THE PMWA)

43.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.    The PMWA requires that covered employees be compensated for all hours worked.

45.    The PMWA also requires that covered employees be compensated at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

46.    Defendant is subject to the overtime requirements of the PMWA because Defendant is or was an employer of Plaintiff and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Pennsylvania.

47.    During all relevant times, Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Pennsylvania, were covered employees entitled to the above-described PMWA's protections.

48.    Defendant failed to compensate Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Pennsylvania, at their required overtime rate of pay for hours worked in excess of forty (40) hours per week, in violation of the PMWA.

49.    Plaintiff, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Pennsylvania, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay, as well as interest as permitted

by law, attorneys' fees, and their costs and disbursements in this action for Defendant's violations of the PMWA.

## DEMAND FOR A JURY TRIAL

50.    Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and any FLSA Plaintiff who opts into this action demand judgment against Defendant as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States, New Jersey, and Pennsylvania laws;

b.    An order restraining Defendant from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

c.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

d.    All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid overtime wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

e.    Liquidated damages as recoverable by applicable law;

f.    Reasonable attorneys' fees with respect to the prosecution of this action;

g.      Costs and disbursements incurred in connection with this action;

h.      Interest as permitted by law; and

i.      Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       June 8, 2020

LAW OFFICE OF PETER A. ROMERO PLLC
*Attorneys for Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588

By:  _____
     DAVID D. BARNHORN, ESQ.

10